[No. 20275. Department One. September 22, 1927.]

MAY TAYLOR, *Appellant*, v. HARRY D. TAYLOR,
*Respondent*.[1]

[1] DIVORCE (36, 38)—GROUNDS—CRUELTY—INCOMPATIBILITY—EVIDENCE—SUFFICIENCY. In an action by a wife for separate maintenance, a judgment of a divorce for the defendant is sustained by proof that plaintiff refused to live with defendant, of continual fault-finding, imposing relatives upon his hospitality, creating trouble with them and suit which plaintiff refused to help defend.

[2] SAME (80)—DIVISION OF PROPERTY. Upon awarding a husband a divorce, an equal division of the home property, with alimony of sixty dollars per month, leaving the husband his business and a small amount of property, will not be modified on appeal.

Appeal from a judgment of the superior court for King county, Kinne, J., entered April 16, 1926, upon findings in favor of the defendant in an action for separate maintenance, tried to the court. Affirmed.

*Chas. W. Johnson*, for appellant.
*Smith & Matthews*, for respondent.

ASKREN, J.—Appellant brought an action for separate maintenance. Respondent answered and cross-complained, asking for a divorce. Upon trial, the court denied the wife's plea for separate maintenance; granted the husband a divorce, and divided the property of the parties. The wife thereupon appealed. She urges error in denying her plea for separate maintenance and in the granting of the divorce.

[1] Appellant's brief indicates that this error lies in the fact that the court granted a divorce because the parties could not longer live together as husband and wife, and it is urged that this is not a sufficient reason for granting a divorce. Without discussing the point

[1]Reported in 259 Pac. 385.

as raised, we think appellant has overlooked other facts found by the court, which include the refusal of the appellant to live with respondent as his wife; continually faultfinding; the keeping of appellant's relatives, who imposed upon respondent's hospitality and created trouble between appellant and respondent; the bringing of a suit against respondent by appellant's brother and the refusal of appellant to aid in the defense thereof; and other serious charges. These are ample to sustain the divorce.

We need not state the evidence to support these findings. The record is full of evidence which, if believed by the trial court, warranted it in so finding, and we cannot say that it preponderates against the holding.

[2] It is also claimed that error was made in the division of the property. The court awarded the appellant sixty dollars per month alimony, and ordered that the home be sold and the proceeds thereof, after paying taxes, assessments and a mortgage, be divided equally, and that the remainder of the community property, consisting of a small plumbing business, two lots of nominal value, a one-fifth interest in another lot of nominal value, two and one-half shares of insurance stock, and a small house, be awarded to the respondent. The home cost the parties $4,750, and at the time of the trial had a mortgage of $1,900 and about $600 of taxes and assessments against it. Approximately $2,000 was invested in the property of the parties from funds earned by respondent prior to his marriage. Respondent also owes his sister for borrowed money to the extent of six hundred dollars, and has other obligations of approximately one thousand dollars more than accounts receivable. Both parties are suffering from illness, the appellant from rheumatism and the respondent from stomach trouble. Considering the amount of community property, the fact

that there are no minor children, and the probable future needs of the parties, we are unable to say that the judgment of the court was erroneous; and it is therefore affirmed.

MACKINTOSH, C. J., MITCHELL, FRENCH, and FULLERTON, JJ., concur.